Elizabeth D. Tate AZ Bar No. 032659
Elizabeth D. Tate Attorney at Law
2953 N. 48th Street
Phoenix, AZ 85016
Telephone (602) 670-4653
Fax (602) 595-5959
Attorney for Plaintiff Shane Brown

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shane Brown<br>Plaintiff,<br><br>v.<br><br>City of Phoenix,<br><br>Sergeant Jeffrey Pluta #9132, in his official and individual capacities<br>Officer Joel Cottrell #9841, in his official and individual capacities.<br><br>Defendants. | Case No.: 2:20 cv 02087 DLR JZB<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Plaintiff Shane Brown, by and through his attorney of record, Elizabeth Tate, and hereby submit his Complaint against Defendants, and each of them, and alleges as follows:

///

///

///

## NATURE OF THE ACTION

1. This is an action brought by Plaintiff for compensatory injunctive and declaratory relief and damages against the City of Phoenix and its Police Officers Jeffrey Pluta and Joel Cottrell. Plaintiff's Fourth Amendment and Fourteenth rights under the U.S. Constitution were violated by these individual officers through 42 U.S.C. Section §1983. The Defendants used excessive force in violation of the Fourth Amendment when they arrested Plaintiff. The City of Phoenix violated the Americans with Disabilities Act 42 U.S.C.S. § 12132 and the Rehabilitation Act when it arrested Brown for his disability and failed to accommodate it.

## PARTIES, JURISDICTION AND VENUE

2. At all times relevant hereto to this action, Plaintiff, Shane Brown was a single man living in Phoenix, Arizona. Brown suffers from bipolar disorder that affects his major life activity of thinking and concentration.

3. Upon information and belief, always relevant hereto this action, Defendant Officer Jeffrey Pluta (hereinafter "Pluta ") was a resident of Phoenix, Arizona and engaged in a policy of excessive force in violation of the Fourth Amendment whose actions were ratified by the City of Phoenix.

4. Upon information and belief, always relevant hereto this action, Defendant Officer Joel Cottrell (hereinafter "Cottrell") was a resident of Phoenix, Arizona and engaged in a policy of excessive force in violation of the Fourth Amendment whose actions were ratified by the City of Phoenix.

5. Upon information and belief, always relevant hereto this action, the Defendant,

City of Phoenix is a municipal corporation, which has established The City of Phoenix Police Department for serving and protecting residents of Phoenix. Phoenix is liable for the actions of its police officers, Defendant Pluta and Defendant Cottrell's, violation of Brown's Fourth and Fourteenth Amendment rights for excessive force employed against Brown. The Defendant Officers Pluta and Cottrell acted pursuant to a policy of failure to discipline officers who employ excessive force thereby emboldening the officers and other officers like them to commit constitutional violations. Further, the Officers' supervisors with final policymaking authority reviewed the Officers' acts and ratified them as being acceptable policing thereby creating a policy of excessive force for the City of Phoenix. City of Phoenix also has a duty under the ADA and the Rehabilitation Act as a public entity to make its services available to persons with disabilities and to make reasonable accommodation for such individuals. City of Phoenix receives federal assistance from governmental programs.

### FACTUAL BACKGROUND

6. On the afternoon of November 2, 2018, Brown was at the Quick Trip gas station and convenience store located at 2725 W. Peoria Avenue in Phoenix, intending to make a purchase with money he had earned washing car windows.

7. When Brown entered the store, the store clerk began insulting Brown for no reason and repeatedly addressed Brown as "Ma'am". Brown took offense and began to display bipolar anger and irritability.

8. The store clerk then called 911, as Brown was leaving the store. Minutes later Officer Pluta arrived on the scene in a police car. Pluta never said anything to Brown, who took off running. Brown ran until he reached the law office of Goldberg and Osborne. Officer Pluta

then jumped out of his police car.  When Brown saw Pluta get out of his squad car, Brown dropped to the ground on his stomach. Officer Pluta then handcuffed Brown placing the handcuffs on unreasonably tightly.  Officer Pluta then jumped on Brown's back repeatedly, dropping Brown up and down to the ground, breaking Brown's ribs and collapsing Brown's lung.  Pluta then grabbed Brown's hand and tried to break Brown's fingers.

9.  Officer Cottrell  then arrived on the scene telling Brown, "You can go with me or him" meaning Pluta.  Cottrell saw Pluta's illegal actions, but did not report Pluta instead choosing to assist Pluta to arrest Brown.  Pluta and Cottrell observed Brown's wild mood swings with Brown vacillating from angry to apologetic and knew or had reason to know that Brown suffers from bipolar.   The Defendant Officers did not take into account or otherwise accommodate Brown's disability. Instead of de-escalating matters, they enflamed them with a beating.  Many officers then appeared on the scene standing around and looking.

10. After a while,  Officer Cottrell  took Brown to the police station and placed him in a holding cell.  Brown informed Cottrell  that he was extremely thirsty and believed his ribs were broken from the beating he endured at the hands of Pluta.  Officer Cottrell then brought Brown many glasses of water and took him to St. Joseph's hospital where Brown attempted to refuse medical treatment.  Doctors then diagnosed Brown with broken ribs and a collapsed lung.

11. Another officer then arrived at the hospital to transport Brown to yet another hospital for treatment to his collapsed lung.  Brown stayed admitted to that hospital for 2 nights and 3 days, after which he was released without being charged.

12. The violent incident described above involving Brown, who is a vulnerable and

disabled person caused Brown to experience extreme emotional distress. Brown suffers from bipolar which has been aggravated by his beating.

13. Brown also suffered embarrassment, humiliation and incurred approximately $17,000.00 in hospital bills for treatment necessitated by the officers' beating.

14. The individual Defendants to this claim, always relevant hereto, acted under the color of State law in their capacities as City of Phoenix police officers and their acts and omissions were conducted within the scope of their official duties or employment.

15. At the time of the complained of events, Plaintiff had a clear constitutional right under the Fourth Amendment to be secure in his person and free from violation of his Fourth Amendment right not be subjected to excessive force by a police officer.

16. Plaintiff also had a clear Constitutional right under the Fourteenth Amendment to be free from unlawful arrest and afforded due process.

17. Defendants knew or should have known these rights at the time of the complained of conduct as they were clearly established at the time.

18. Defendants arrest without probable cause and with excessive force, as described herein, were objectively unreasonable considering the facts and circumstances confronting them and violated Fourth Amendment rights of Plaintiff.

19. Defendants actions to employ excessive force in arresting Plaintiff, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The Defendants' arrest without probable cause of Plaintiff, who has rights, shocks the conscience, and violated Plaintiff's Fourth and Fourteenth Amendment rights.

20. Defendant Pluta beat Brown without reason with the assistance of Cottrell. Then, Defendants then falsely arrested Plaintiff in violation of the Fourth Amendment. Defendant City of Phoenix is responsible for Defendant Officers' excessive force and false arrest under the theory of respondent superior since the acts were undertaken in the scope of their employment.

21. Defendants failed to take reasonable steps to protect Plaintiff from unlawful arrest despite being able to do so. Therefore, both are liable for the injuries and damages resulting in the unreasonable and conscience shocking arrest by Defendants.

22. The acts and/or omissions of the Defendants are the moving forces behind Plaintiff's injuries. Defendants acted with actual malice and with wanton disregard for the consequences of their actions. Brown was a qualified individual with the disability of bipolar who was subjected to disability discrimination by City of Phoenix police officers, including the Defendant Officers.

23. Brown was a qualified individual with a disability to wit: bipolar who was displaying wild mood swings that could have been accommodated by the officers employing de-escalation techniques rather then inflict a beating.

24. Brown was a resident of Phoenix with a disability that was qualified to receive the City of Phoenix police services (to protect) and was denied these services (to protect) by reason of his disability. Pluta and Cottrell arrested Brown because of his disability. Brown lay on the ground muttering bipolar non-sense when Pluta and Cottrell arrested him for doing so because of his disability.

25. The City of Phoenix could have made the reasonable accommodation of deescalating Brown's angry behavior, but instead the officers brutally beat Brown. The Defendant Officers arrested Brown because of his disability, not because he had committed any

crimes. The Defendant Officers had the time and opportunity to avoid a violent physical confrontation with Brown, who was peacefully laying on the ground when Pluta exited his squad car.

**26.** The City of Phoenix is a public entity charged with the responsibility under the ADA and Rehab Act to comply with anti-discrimination laws to accommodate Brown.

**27.** As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered emotional injuries and other damages and losses as described herein, which entitle him to compensatory and special damages in amounts to be determined at trial. Defendants' acts were intentional, because Plaintiff committed no wrongdoing. As further result of the Defendants' unlawful conduct, Plaintiff has general damages in amounts to be established at trial.

**28.** In addition to compensatory, economic, consequential, and special damages; Plaintiff is entitled to punitive damages against Defendant Officers Pluta and Cottrell under 42 U.S.C. § 1983, in that the action of the Defendant Officers acted maliciously, willfully or with reckless or wanton disregard of the Constitutional rights of Plaintiff.

### Count One Violation - 42 U.S.C. § 1983 excessive force as to all Defendants.

1. Compensatory and actual damages in an amount to be determined by a jury.
2. Punitive damages as to Defendant Officers Pluta and Conttrell only.
3. Taxable costs and attorney's fees.

### Count Two Violation of 42 U.S.C.S. § 121312 as to City of Phoenix Only

1. Compensatory and actual damages in an amount to be determined by a jury.
2. Taxable costs and attorney's fees

**<u>Count Three Violation of the Rehabilitation Act 29 U.S.C. 794 as to City of Phoenix Only</u>**

1. Compensatory and actual damages in an amount to be determined by a jury.
2. Taxable costs and attorney's fees

**<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff hereby demands a trial by jury on all his claims, pursuant to the U.S. Constitution Seventh Amendment and Federal Rules of Civil Procedure Rule 38 (a,b).

By: /s/ Elizabeth D. Tate
_____
*Attorney for Plaintiff*