Sally A. Odegard, Esq. (011646) (sodegard@hoklaw.com)
**HOLLOWAY ODEGARD & KELLY, P.C.**
3020 E. Camelback Road, Suite 201
Phoenix, Arizona 85016        (45.041)
Phone:       (602) 240-6670
Facsimile:   (602) 240-6677

Attorneys for Defendants Sergeant Jeffrey Pluta,
  Officer Joel Cottrell, and the City of Phoenix

**IN THE UNITED STATES DISTRICT COURT**

**STATE OF ARIZONA**

| | |
|---|---|
| Shane Brown | Case No: 2-20-CV-02087-DLR-JZB |
| Plaintiff, | **STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| City of Phoenix; Sergeant Jeffrey Pluta #9132, in his official and individual capacities; Officer Joel Cottrell #9841, in his official and individual capacities, | |
| Defendants. | |

Defendants City of Phoenix, Sgt. Jeffrey Pluta, and Officer Joel Cottrell, by and through counsel undersigned, and pursuant to Rule 56, F.R.C.P., hereby submit their Separate Statement of Facts in Support of their Motion for Summary Judgment:

1. This matter arises from the arrest of Plaintiff by representatives of the City of Phoenix Police Department on November 2, 2018, near a Quick Trip gas station and convenience store located at 2725 W. Peoria Avenue in Phoenix. Plaintiff's First Amended Complaint ("FAC") at ¶ 6.

2. The Police had been called to the scene by the assistant store manager, David Adams, after Plaintiff became verbally abusive and disruptive, and came into the cashier's area of the store. Deposition of David Adams, Ex. 1, at 6:2-7:18.

3. Plaintiff became upset when he perceived that Adams was calling him "ma'am" in a derogatory way when Plaintiff came to the counter to purchase beer. Deposition of Plaintiff, Ex. 2, at 46:16-48:7; Adams Deposition, Ex. 1, at 13:8-13:16.

4. Adams reported to the Police that Plaintiff began yelling at Adams and slamming his hands on the counter. Adams Deposition, Ex. 1, at 14:17-14:21. *See also* Plaintiff's Deposition, Ex. 2, at 49:13-49:24, acknowledging that he "raised his voice" in the store and told Adams to "come outside."

5. Adams reported that he determined he was not going to sell the beer to Plaintiff, but Plaintiff tried to grab it anyway, resulting in a kind of tug-of-war for the beer. Adams Deposition, Ex. 1, at 14:22-15:11, 28:3-28:15.

6. Adams reported that Plaintiff continued to yell and then walked behind the counter where the registers are located. Adams Deposition, Ex. 1, at 15:12-15:25.

7. Adams reported that he told Plaintiff he (Adams) was going to call the police, after which Plaintiff exited the store but began yelling and banging on the window from the outside. Adams Deposition, Ex. 1, at 16:3-16:20. *See also* Plaintiff's Deposition, Ex. 2, at 50:25-51:21.

8. Plaintiff thought Adams had called the Police, so he left the store and headed west on Peoria. Plaintiff's Deposition, Ex. 2, at 51:18-52:6.

9. Before Plaintiff got out of the parking lot, he saw someone he thought was either a security guard or a police officer, so he took off running. Plaintiff's Deposition, Ex. 2, at 53:25-54:12.

10. As he was running, he dropped his backpack so he could run faster without the extra weight. Plaintiff's Deposition, Ex. 2, at 55:10-55:17, 57:5-57:9.

11. Sgt. Pluta, who was in the area at a nearby Barnes & Noble book store, had heard on his radio that a white male subject wearing camouflage shorts had been involved in going behind the counter and stealing something from the QT and was headed westbound. Deposition of Sgt. Pluta, Ex. 3, at 9:20-10:13. *See also* Sgt. Pluta's Incident Supplement, Ex. 8, at Bates DEFS.00003-4.

12. Sgt. Pluta saw Plaintiff headed westbound towards the south side of a Jiffy Lube at 2745 W. Peoria Avenue. As he walked toward Plaintiff, Plaintiff ran back to the north, dropped a backpack, and then ran across Peoria.

13. At that time Sgt. Pluta saw an object swinging under Plaintiff's shirt near his waistband, which he thought might be a weapon. Pluta Deposition, Ex. 3, at 11:16-12:14. *See also* Sgt. Pluta's Incident Supplement, Ex. 8, at Bates DEFS.00003-4.

14. As Plaintiff was crossing to the north side of Peoria, Sgt. Pluta was also making his way across Peoria and Officer Cottrell was arriving from the east, where he saw Plaintiff running northbound across Peoria. Deposition of Officer Cottrell, Ex. 4, at 8:5-8:23. *See also* Officer Cottrell's Incident Report, Ex. 8, at Bates DEFS.00010-13.

15. Officer Cottrell headed for the north side of Peoria in his patrol vehicle, to try to intercept Plaintiff, while watching traffic taking evasive maneuvers to avoid Plaintiff. Cottrell Deposition, Ex. 4, at 8:25-9:25. *See also* Officer Cottrell's Incident Report, Ex. 8, at Bates DEFS.00010-13.

16. Officer Cottrell exited his car, pulled his service weapon and, over a pony wall separating the parking lot from the sidewalk, ordered Plaintiff to the ground. Cottrell Deposition, Ex. 4, at 10:13-11:1. *See also* Officer Cottrell's Incident Report, Ex. 8, at Bates DEFS.00010-13.

17. Officer Cottrell waited until Sgt. Pluta got across Peoria near Plaintiff, then holstered his gun and climbed over the wall to assist Sgt. Pluta in taking Plaintiff into custody. Cottrell Deposition, Ex. 4, at 11:9-12:2. *See also* Officer Cottrell's Incident Report, Ex. 8, at Bates DEFS.00010-13.

18. Officer Cottrell saw Sgt. Pluta placed a knee on Plaintiff near the waist area, then put his other knee on Plaintiff's upper back to pin him down and keep him from rolling over. Cottrell Deposition, Ex. 4, at 12:12-13:4. *See also* Officer Cottrell's Incident Report, Ex. 8, at Bates DEFS.00010-13.

19. As he got to Plaintiff and Sgt. Pluta, Plaintiff was still squirming, so Officer Cottrell used a technique to control a prone suspect by crossing their legs and pulling their feet up toward their buttocks. Cottrell Deposition, Ex. 4, at 13:5-13:23. *See also* Officer Cottrell's Incident Report, Ex. 8, at Bates DEFS.00010-13.

20. Plaintiff was also attempting to grab and twist Sgt. Pluta's fingers as Sgt. Pluta was attempting to apply the handcuffs. Pluta Deposition, Ex. 3, at 16:4-17:19, 62:3-62:21. *See also* Sgt. Pluta's Incident Supplement, Ex. 8, at Bates DEFS.00003-4.

21. Plaintiff admits that he was tightening his hands during the process. Plaintiff's Deposition, Ex. 2, at 58:16-58:21.

22. Sgt. Pluta confirmed that he had one knee on Plaintiff's right waistband area to prevent him from accessing whatever it was he had that Sgt. Pluta was concerned could be a weapon, and his other knee/shin across Plaintiff's upper back. Pluta Deposition, Ex. 3, at 33:21-34:16. *See also* Sgt. Pluta's Incident Supplement, Ex. 8, at Bates DEFS.00003-4.

23. Placing a knee on a suspect's back is in accordance with the training received at the police academy. Pluta Deposition, Ex. 3, at 40:7-40:11. *See also* Deposition of Lt. James Hester Ex. 5, at 42:9-42:17.

24. Per departmental policy, the force used in placing a knee on a subject's back is dependent upon the suspect's resistance – sufficient force is used to overcome the resistance and control the suspect. Pluta Deposition, Ex. 3, at 42:3-44:25, 48:5-48:8.

25. Based on his limited interaction with Plaintiff, Sgt. Pluta believed Plaintiff's erratic behavior was probably the result of use of some illegal substance. Pluta Deposition, Ex. 3, at 39:14-39:22.

26. Indeed, Plaintiff did admit that he likely used some crystal meth earlier in the day and had probably taken some his father's hydrocodone in the days before. Plaintiffs Deposition, Ex. 2, at 31:25-33:23.

27. Plaintiff also admitted that he had a large letter opener in his fanny pack that he kept as a potential weapon. Plaintiffs Deposition, Ex. 2, at 42:22-43:18.

28. Although Plaintiff claims to be disabled due to bipolar disorder, he admitted that he was not feeling symptoms of his condition the evening of this incident (Plaintiff's deposition, Ex. 2, at 39:8-39:19) and has no recollection of advising any officers of his condition. Plaintiff's deposition, Ex. 2, at 70:5-70:13.

29. Plaintiff testified that his conduct was the result of the store manager disparaging him with a perceived homophobic slur, never once attributing the interaction in the store or his subsequent conduct in trying to evade arrest to his condition. Plaintiff's deposition, Ex. 2, at 48:6-51:21.

30. Kenneth Wallentine is a well-qualified police procedures expert, including use of force. *See* Mr. Wallentine's May 23, 2021 report, Ex. 6 at pgs. 12-19.

31. Plaintiff claims that he was "beaten" for about five minutes before he was stood up to walk to the police vehicle. Plaintiff's deposition, Ex. 2, at 61:20-62:8.

32. However, the entirety of the time Plaintiff was on the ground while being detained – the time when he claims he was being abused – was only approximately 13 seconds. Deposition of Kenneth Wallentine, Ex. 7, at 21:16-23:20.

33. Using knees and shins to assist in detaining a suspect is a technique taught to officers. Wallentine deposition, Ex. 7, at 12:23-13:5.

34. Chief Wallentine opined that:

    a. Sgt. Pluta and Officer Cottrell had reasonable suspicion to detain Plaintiff to investigate whether he violated A.R.S. § 13-1506(A)(1), committing commercial burglary in the third degree. Wallentine Report, Ex. 6, at 5.

    b. Sgt. Pluta and Officer Cottrell had probable cause to arrest Plaintiff for committing a commercial burglary. *Id*. at 6.

    c. Sgt. Pluta and Officer Cottrell had probable cause to arrest Plaintiff for a violation of A.R.S. § 28-793, crossing a roadway at any point other than within a marked crosswalk. *Id*. at 6-7.

    d. Placing a suspect in cuffs as quickly as is reasonably possible is consistent with generally accepted police training and practices. *Id*. at 9.

///

DATED this 4th day of January, 2022.

**HOLLOWAY ODEGARD & KELLY, P.C.**

By  *s/Sally A. Odegard*
Sally A. Odegard
3020 E. Camelback Road, Suite 201
Phoenix, Arizona 85012
*Attorneys for Defendants City of Phoenix,
Sergeant Jeffrey Pluta and Officer Joel Cottrell*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of January, 2022, I caused the foregoing document to be filed electronically with the Clerk of the Court through the CM/ECF System for filing; and served the following parties of record via the Court's CM/ECF system.

**Elizabeth D. Tate
Elizabeth D. Tate Attorney at Law
2953 N. 48th Street
Phoenix, AZ 85016
attorneyelizabethtate@yahoo.com**
*Attorney for Plaintiff*

*s/Kimberly Sheble*