Elizabeth D. Tate   AZ Bar No.  32659
2953 N. 48th Street
Phoenix, AZ 85018-7749
Telephone (602) 670-4653
E-mail: attorneyelizabethtate@yahoo.com
Fax (602) 595-5959
Attorney for Plaintiff Shane Brown

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Shane Brown,**<br><br>Plaintiff,<br><br>v.<br><br>**City of Phoenix, et. al.**,<br><br>Defendants. | **Case # 2:20cv02087-DLR-JZB**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**(dkt. #51)** |

Plaintiff Shane Brown, by Elizabeth D. Tate, his undersigned attorney of record, submits this Response to Defendants' Statement of Facts in Support of Motion For Summary Judgment (dkt. #51), pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 56(c) and LRCiv 56.1(b)

**1. Plaintiff's Responses to the 34 numbered paragraphs of the Defendants' Statement of Facts in Support of Motion for Summary Judgment**

1. Paragraph 1 is material and undisputed.

2. Paragraph 2 is material and disputed. Brown argued with the clerk and left the beer on the counter. (Ex. E  50:3-4)

3. Paragraph 3 is immaterial and undisputed.

4. Paragraph 4 is material and disputed. Brown did not slam his hands on the counter and make a big scene in the store. (Ex. E 48:14-16 )

5. Paragraph 5 is material and disputed. Brown left the beer on the counter. (Ex. E 50:3-4)

6. Paragraph 6 is material and disputed. Brown did not walk behind the counter. (Ex. E 47:8-10)

7. Paragraph 7 is material and disputed. Brown jumped up and down yelled to the clerk to come outside.  (Ex.  E 51:18-21)

8. Paragraph 8 is material and disputed. Brown thought that the clerk may have called the police.  (Ex.   E 52:1-3)

9. Paragraph 9 is material and  undisputed.

10. Paragraph 10 is material and  undisputed.

11. Paragraph 11 is material and undisputed.

12. Paragraph 12 is material and undisputed.

13. Paragraph 13 material and disputed. Brown's letter opener was in his fanny pack for protection because he had been jumped. (Ex. E 42:25, 43:1-6)

14. Paragraph 14 is material and undisputed.

15. Paragraph 15 is material and undisputed.

16. Paragraph 16 is material and disputed. Brown heard sirens and was being chased. When Officer Cottrell jumped out of the cruiser, Brown saw  a gun and hit the deck to comply. (Ex. E 55:16-24)

17. Paragraph 17 is material and disputed. Brown heard sirens and was being chased. When Officer Cottrell jumped out of the cruiser, Brown saw a gun and hit the deck to comply. (Ex. E 55:16-24) (Ex. H) An Officer is recorded saying that as soon as he stopped his patrol car, Brown dropped to the ground.(Ex. H )

18. Paragraph 18 is material and disputed. The officers did not even have to tell Brown to get down because Brown immediately got down and the officers did not have to give him orders (Ex. E 56:1-8)

19. Paragraph 19 is material and disputed. The officers did not even have to tell Brown to get down because Brown immediately got down and the officers did not have to give him orders (Ex. E 56:1-8)(Ex. E 56:1-6).

20. Paragraph 20 is material and disputed. Brown was complying with the officers request and Stg. Pluta was trying to break Brown's fingers. (Ex. E 56:1-6)   Brown can be heard on the video saying, "You gotta stop breaking my fingers". (Ex. H)

21. Paragraph 21 is material and disputed. Brown was complying with the officers requests. Stg. Pluta was trying to break Brown's fingers.  Brown can be heard on the video saying, "You gotta stop breaking my fingers".

22. Paragraph 22 is material and disputed. After Stg. Pluta cuffed Brown, Pluta repeatedly jumped on Brown's back. (Ex. E 58:12-28) Pluta ripped Brown up by the chain between the cuffs. (Ex. E 59:6-12) Brown was rolled over on his side and the object discovered on his right hip was a fanny pack containing a large brass letter opener and a book. (Ex. D 17:16-19)

23. Paragraph 23 is material and  disputed. The amount of force used depends on the level of resistance. (Ex. D 43:16-22) Brown complied with

every request of the officers. (Ex. E 58:12-25)(Ex. E 56:1-8). The officers did not even have to tell Brown to comply. (Ex. E 56:1-3)

24. Paragraph 24 is material and disputed. Brown was complying with the officers requests. Stg. Pluta was trying to break Brown's fingers.  Brown can be heard on the video saying, "You gotta stop breaking my fingers".

25. Paragraph 25 is material and undisputed.

26. Paragraph 26 is immaterial and undisputed.

27. Paragraph 27 is material and disputed. Brown kept the letter opener in his fanny pack for protection. (Ex. E 43:10-12)

28. Paragraph 28 is material and undisputed.

29. Paragraph 29 is immaterial and undisputed.

30. Paragraph 30 is material and disputed. Kenneth Wallerstein did not recall if he reviewed any City of Phoenix policies but did not think that he did. (Ex. C  10:7-16) Wallerstein then changed his testimony. (Ex. C page 35).

31. Paragraph 31 is material and undisputed, but Brown admits had not seen the video and was going by memory. (Ex. E 59:13-18)   Stg. Pluta ripped Brown up by the chain between the cuffs. (Ex. E 59:6-12)

32. Paragraph 32 is material  and disputed. Officer Cottrell's report estimated the time from call to apprehension was 3 minutes. (Ex. G) Officer Cottrell estimates it was 35 to 40 seconds. (Ex. F 14:20-24).

33. Paragraph 33 is material  and disputed. Brown complied with the officers orders. (Ex. E 58:12-25)(Ex. E 56:1-8). The officers did not even have to tell Brown to comply. (Ex. E 56:1-3)

34. Paragraph 34 is material and disputed. It is Plaintiff's clearly established right to be free from unreasonable force as held in *Blankenhorn v. City of*

*Orange,* 485 F.3d 463 (9th Cir. 2007) and no expert testimony is needed to prove excessive force.

Respectfully submitted this March 7, 2022.

Respectfully submitted,

/s/ Elizabeth D. Tate
Elizabeth D. Tate

Certificate of Service

I hereby certify that on March 7, 2022, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for e-filing and transmittal of a Notice of Electronic Filing.

By: /s/ Elizabeth D. Tate
Elizabeth D. Tate