Sally A. Odegard, Esq. (011646)  (sodegard@hoklaw.com)
**HOLLOWAY ODEGARD & KELLY, P.C.**
3020 E. Camelback Road, Suite 201
Phoenix, Arizona 85016     (45.041)
Phone:     (602) 240-6670
Facsimile:  (602) 240-6677

Attorneys for Defendants Sergeant Jeffrey Pluta,
  Officer Joel Cottrell, and the City of Phoenix

**IN THE UNITED STATES DISTRICT COURT**

**STATE OF ARIZONA**

| | |
|---|---|
| Shane Brown<br><br>    Plaintiff,<br><br>  v.<br><br>City of Phoenix; Sergeant Jeffrey Pluta #9132, in his official and individual capacities; Officer Joel Cottrell #9841, in his official and individual capacities,<br><br>    Defendants. | Case No: 2-20-CV-02087-DLR-JZB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** |

Defendants, by and through counsel undersigned, and pursuant to Rule 56, F.R.Civ.P., hereby enter their Reply in Support of their Motion for Summary Judgment [Doc. 50]. Plaintiff has failed to raise a disputed issue of material fact or otherwise show why Defendants are not entitled to summary judgment, all as explained more fully below.

## I. PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS

Plaintiff's Response to Defendants' Statement of Facts is confusing, at best, suggesting that Plaintiff contests many of the assertions while not really contesting them at all. For example, in ¶¶ 4 through 7, Defendants set forth what the independent witness David Adams **reported** to the Phoenix PD, a crucial factor in the Phoenix PD's response. Plaintiff disputed all of the assertions, but upon closer inspection it appears that Plaintiff does not dispute what Mr. Adams reported, but rather is suggesting that what Mr. Adams says happened did not really happen. The important factor is what information the

Phoenix PD personnel had when responding, as the Court must view the scene from the perspective of a reasonable officer on the scene. *See* § III, *infra.*

In ¶ 13, the defense asserted that Sgt. Pluta "saw an object swinging under Plaintiff's shirt near his waistband, which he thought might be a weapon," which Plaintiff disputed. But the only explanation by Plaintiff for the denial is that "letter opener was in his fanny pack for protection because he had been jumped." Again, Sgt. Pluta's knowledge (that Plaintiff likely had a weapon) is what is important, not that fact that Plaintiff kept the weapon for "protection."

In ¶ 17, the defense asserted that "Officer Cottrell waited until Sgt. Pluta got across Peoria near Plaintiff, then holstered his gun and climbed over the wall to assist Sgt. Pluta in taking Plaintiff into custody." Plaintiff disputed this, but for a reason that has nothing to do with the fact asserted: "Brown heard sirens and was being chased. When Officer Cottrell jumped out of the cruiser, Brown saw a gun and hit the deck to comply."

In ¶ 23, the defense asserted that placing a knee on a subject's back to help facilitate cuffing "is in accordance with the training received at the police academy." Plaintiff disputed this, but did not provide any basis for doing so. Instead, Plaintiff simply pleads that he complied with every request the officers made.

In ¶ 30, the defense asserted that "Kenneth Wallentine is a well-qualified police procedures expert, including use of force." Plaintiff disputed the assertion, without any support. He then goes on to disingenuously suggest that Chief Wallentine acknowledged that he did not believe he had reviewed the City's use-of-force policy, but later changed his testimony. What Chief Wallentine testified was that he did not believe he reviewed the policies "for this case," but that he was familiar with them before this incident based upon having reviewed and even taught those policies in the past (Ex. C at 10:1-10:14), that he has reviewed them since he prepared his report, and that they have not changed. Ex. C at 35:14-36:12.

## II. SUMMARY JUDGMENT STANDARD

The summary judgment standard emphasized in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), cannot be forgotten, as Plaintiff would have this Court do:

> Nor are judges any longer required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party. Formerly it was held that if there was what is called a *scintilla* of evidence in support of a case the judge was bound to leave it to the jury, but recent decisions of high authority have established a more reasonable rule, that in every case, before the evidence is left to the jury, **there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.** (Bolded emphasis added; italicized emphasis in original).

*Id*. at 250–51, quoting from *Improvement Co. v. Munson,* 14 Wall. 442, 448, 20 L.Ed. 867 (1872).

Plaintiff attempts to make much of supposed "disputes of material fact," using sound bites from cases to argue that the reasonableness of the force used is "ordinarily" a question for the jury and that summary judgment should be granted "sparingly." Those quotes do nothing more than highlight the fact that summary judgment is wholly proper in exceptional cases. This is an exceptional case: one in which the **only** evidence Plaintiff relies on is his own self-serving statements, which are themselves belied by the circumstances that lead to the encounter, the observations of the independent witness David Adams, and the observations, reports and testimony of three police officers.

## III. REASONABLE POLICE CONDUCT

The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. *Graham v. Connor*, 490 U.S. 386, 396 (1989), citing *Terry v. Ohio,* 392 U.S. 1, 22–27 (1968). Plaintiff was reasonably stopped to investigate the events inside the store.

The force used to effectuate an arrest or investigatory stop must be "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396, citing *Terry v. Ohio,* 392 U.S. 1, 20–22. Not every

tackle, push or shove violates the constitutional protections even if it later seems to have been unnecessary. *Id*. at 396-97.

Here, Plaintiff was reported to have attempted a commercial burglary after making a scene in the store. He fled the store after he suspected that Mr. Adams was calling the police, and fled back across the road to avoid the first officer he encountered. He admitted that he indeed had a weapon in his fanny pack, just as Sgt. Pluta suspected based upon his observations. Given those factors known to the officers, it was more than reasonable to conclude that Plaintiff needed to be detained and cuffed for the Officers' safety, even if the force used, in hindsight, purportedly appears to have been unnecessary.

Moreover, the "Graham" factors do not preclude summary judgment. First, the suspected crime involved commercial burglary, as well as at least implied threats of harm to Mr. Adams. Secondly, the perceived threat Plaintiff posed to the officers was an object in his fanny pack that appeared to be consistent with, and was in fact, a letter opener that could have been used as a deadly weapon. By all accounts (except Plaintiff's) he was resisting the Officers' attempt to get him cuffed. And, finally, Plaintiff does not deny that Officer Cottrell ordered him to get down – he merely equivocated:

Q: So he has a gun and tells you to get down, doesn't he?

A. I -- he didn't even have to tell me to get down. I immediately got down.

Q: Well, does he give you any commands?

A. Didn't have to. When he --

Q. I didn't ask you if he -- if you thought he had to or not is a different story.

A. I didn't hear him -- I did not hear him give me a command because he didn't -- the reason he didn't, if he did not give me any commands is because he didn't have to. I immediately got on the ground.

Q. Okay. When you got on the ground --

A. I didn't see the video, by the way. You have. I haven't. Did he give me any commands? Did you hear any commands? I don't know if he -- don't remember, but I know I was full on my stomach, hands out.

4

Ex. C at 55:15-56:17.

## IV. REASONABLE JURORS COULD NOT FIND IN FAVOR OF PLAINTIFF

While some juror, somewhere, could conceivably believe Plaintiff's concocted story, such a conclusion would not be reasonable. In order to find for Plaintiff, jurors would have to conclude – despite the absence of any independent evidence – that:

1. Independent witness David Adams lied to the Phoenix PD when he called and reported, among other things, that Plaintiff was slamming his hands down on the counter while he was, admittedly, raising his voice and challenging Mr. Adams to "come outside."

2. Mr. Adams again lied to the Phoenix PD when he told them that Plaintiff got into a "tug-of-war" for the beer that Mr. Adams refused to sell to Plaintiff because of his conduct.

3. Mr. Adams lied yet again when he reported to the Phoenix PD that Plaintiff walked behind the counter.

4. Sgt. Pluta was lying when he reported that he thought he saw an object swinging under Plaintiff's shirt near his waistband, which he thought might be a weapon (despite the fact that Plaintiff acknowledges carrying a letter opener as a "potential weapon").

5. Officer Cottrell was lying when he said he ordered Plaintiff to the ground.

6. Officer Cottrell was lying when he said Plaintiff was squirming on the ground while Sgt. Pluta was attempting to apply handcuffs.

7. Sgt. Pluta was lying when he said Plaintiff was attempting to grab and twist his (Sgt. Pluta's) fingers.

8. Sgt. Pluta jumped up and down on Brown's back about ten times, right out in the open in front of the store, with vehicles passing by on a busy city thoroughfare.

9. The only qualified police practices standard of care expert is wrong in his opinions that:

a. Sgt. Pluta and Officer Cottrell had reasonable suspicion to detain Plaintiff to investigate whether he violated A.R.S. § 13-1506(A)(1), committing commercial burglary in the third degree;
b. Sgt. Pluta and Officer Cottrell had probable cause to arrest Plaintiff for committing a commercial burglary;
c. Sgt. Pluta and Officer Cottrell had probable cause to arrest Plaintiff for a violation of A.R.S. § 28-793, crossing a roadway at any point other than within a marked crosswalk
d. Placing a suspect in cuffs as quickly as is reasonably possible is consistent with generally accepted police training and practices.
e. Officer Cottrell did not have time or opportunity to intervene in the alleged wrongful conduct by Sgt. Pluta.
f. The force options used by Sergeant Pluta and Officer Cottrell were consistent with the actions of reasonable and well trained officers and with generally accepted police training and practices.
g. There was no interstitial time between the point that Plaintiff was stopped while dodging traffic and securing Plaintiff that afforded a meaningful opportunity to attempt to de-escalate the situation.

## V. CONCLUSION

In the language of *Munson,* this Court must ask "whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." 14 Wall., at 448. The Court framed it in *Anderson* as "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." 477 U.S. at 251-52.

Here, the evidence is so one-sided that reasonable jurors could not find that the Defendant Officers violated Plaintiff's rights, or that the City "ratified" the conduct. In addition, Plaintiff has quite understandably failed to even address the Officers' qualified

6

immunity or the conclusions of the only qualified expert in the case that the Officers acted reasonably and in conformance with generally accepted policies, practices and training.

Accordingly, Defendants are entitled to summary judgment.

DATED this 21st day of March, 2022.

**HOLLOWAY ODEGARD & KELLY, P.C.**

By  *s/Sally A. Odegard*
Sally A. Odegard
3020 E. Camelback Road, Suite 201
Phoenix, Arizona 85012
*Attorneys for Defendants City of Phoenix, Sergeant Jeffrey Pluta and Officer Joel Cottrell*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of March, 2022, I caused the foregoing document to be filed electronically with the Clerk of the Court through the CM/ECF System for filing; and served the following parties of record via the Court's CM/ECF system.

**Elizabeth D. Tate**
**Elizabeth D. Tate Attorney at Law**
**2953 N. 48th Street**
**Phoenix, AZ 85016**
**attorneyelizabethtate@yahoo.com**
*Attorney for Plaintiff*

By: *s/Kimberly Sheble*